MARY ROSE IEMMA, an Infant, by FRANK IEMMA, Her Guardian ad Litem, and FRANK IEMMA, Individually, Appellants, v. FRANK BORGIA, Also Known as FRANK BROGIO, Respondent.— Order of Appellate Term unanimously affirmed, with costs, upon authority of *Dilworth* v. *Yellow Taxi Corp.* (220 App. Div. 772). Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Tompkins, JJ.

In the Matter of WALTER ZAIAC, an Incompetent Person. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant; LOUIS VOSO, Special Guardian of WALTER ZAIAC, an Incompetent Person, and Others, Respondents.— Order confirming referee's report, in so far as appealed from with reference to the provisions therein directing conditional payment of costs and allowances of the proceeding by the surety company in excess of its obligation under the bond, reversed upon the law and the facts, without costs, and motion in these particulars denied, without costs. The surety company is not strictly a party to the final account of the committee of the incompetent in the sense of having an independent standing therein apart from its principal, the committee. It, therefore, may not have assessed against it or awarded to it costs or allowances in such a proceeding. (*Matter of Klemtenowsky*, 230 App. Div. 730; *Matter of Reed*, Id. 764.) Moreover, the record discloses that the necessity for the reference did not arise by reason of any position of contest taken by the surety company, it having conceded, before such reference was had, its liability to the full extent of the penalty of the bond and accordingly offered to pay the same, which offer was refused. The need for the reference grew out of the misconduct of the committee, which necessitated the surcharging of her account in a sum in excess of the obligation of the bond. With such excess the surety company, however, had no legal concern. The liability of the surety company, apart from the determination of the extent of the amount due upon the bond, if any, could not be determined in this proceeding. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

HERMAN KLEIN, Respondent, v. AMERICAN VENICE CORPORATION, Appellant.— Order denying motion to dismiss complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.